IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RONDA A. CALVIN, )
)
Plaintiff, )
)
v. ) CV 126-061
)
WELLSTAR, MCG MEDICAL CENTER; )
WELLSTAR HEALTH SYSTEM, RISK )
MANAGEMENT / LEGAL DEPARTMENT; )
and COLUMBIA COUNTY SHERIFF'S )
OFFICE, )
)
Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned case *pro se* on March 30, 2026. (Doc. no. 1.) Because she is proceeding *pro se*, the Court provided Plaintiff with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the instruction order so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence Defendant Columbia County Sheriff's Office had been served, the Court entered an Order directing Plaintiff to show

cause why this Defendant should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 10.) Plaintiff did not respond.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). The record does not reflect any attempt, let alone accomplishment, of service for Defendant Columbia County Sheriff's Office. Rather, the docket reflects the Clerk of Court issued only one summons for "Wellstar Health System, Leo Reichert" on April 30, 2026. (Doc. no. 5.) Thus, the Court concludes Defendant Columbia County Sheriff's Office is not attempting to evade service, but instead Plaintiff has not attempted service on this Defendant. Nor does it appear Plaintiff would not have the opportunity to litigate her claims if this Defendant is dismissed, as the docket reflects attorneys have appeared, and pleadings have been filed, on behalf of the other named Defendants. (See doc. no. 7.)

In sum, Plaintiff commenced this case over ninety days ago, and she has already been given the benefit of an extended time limit for effecting service. The Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case. (See doc. nos. 4, 10.) The responsibility for effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant Columbia County Sheriff's Office, and all

of Plaintiff's claims against it, be **DISMISSED** without prejudice for failure to timely effect service. See Charles v. Bradshaw, 782 F. App'x 991, 992 (11th Cir. 2019) (*per curiam*).

SO REPORTED and RECOMMENDED this 10th day of August, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA