IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RONDA A. CALVIN,

Plaintiff,

v. CV 126-061

WELLSTAR, MCG MEDICAL CENTER; WELLSTAR HEALTH SYSTEM, RISK MANAGEMENT / LEGAL DEPARTMENT; and COLUMBIA COUNTY SHERIFF'S OFFICE,

Defendants.

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Plaintiff filed a "Motion for Extension of Time to Perfect Service and for Leave to Proceed with Action." (Doc. no. 14.) In the motion for an extension of time, Plaintiff primarily addresses the issue of properly identifying the Wellstar Corporate Defendants, and she devotes one sentence to the only Defendant that the Court recommended be dismissed for failure to effect service: Columbia County Sheriff's Office. (See generally id.) Plaintiff offers no explanation for failing to make any effort to serve this Defendant and simply states that she needs additional time "to address the appropriate service and defendant-identification issues concerning the Columbia County law enforcement defendant." (Id. at 2.)

However, as explained in the Report and Recommendation, the record does not reflect Plaintiff made *any* attempt to serve Defendant Columbia County Sheriff's Office, or any employee thereof, since she commenced the case on March 30, 2026. (Doc. no. 12, p. 2.)

Indeed, Plaintiff only sought a summons for a Wellstar entity and offered "Proof of Service" on a Wellstar Health System, Inc., employee. (Doc. nos. 5, 6.) Moreover, sheriff's departments are not legal entities capable of being sued. See Herrington v. Effingham Cnty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr, 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010).

In sum, well over ninety days have passed since Plaintiff commenced this case, and she has not made any attempt to effect service on, or to identify a proper party to serve within, the Columbia County Sheriff's Office. Plaintiff has been warned on multiple occasions of her responsibility for effecting service of process. (See doc. nos. 4, 10, 12.) Plaintiff simply offers no viable reason for extending the time to effect service on a defendant that is not a legal entity capable of being sued, or for allowing additional time to identify and serve a proper individual within the Sheriff's Office, when the record shows no attempt to do so during the extended time that has been provided to her. Moreover, nothing about this dismissal prevents Plaintiff from utilizing any amendment procedures that may be available to her under the Federal Rules of Civil Procedure should she later identify a particular individual within the Sheriff's Office to name as a defendant.

As to Plaintiff's concern about serving the proper Wellstar entity, the Court notes the motion to dismiss is not based on an incorrect identification, but is instead based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). (See doc. no. 7.) The opening paragraph to the motion to dismiss does not attempt to avoid liability or participation in the case based on nomenclature, but instead simply identifies the correct corporate names. Nor is there any

suggestion the Wellstar Defendants do not have notice of the proceedings or have otherwise been prejudiced or misled about the nature of Plaintiff's claims based on use of an incorrect name. Indeed, it is well-settled that when a plaintiff has the wrong name of the right party, Fed. R. Civ. P. 15 generally allows for correction of a defendant's name. Pears v. Mobile Cnty., 645 F. Supp.2d 1062, 1082 (S.D. Ala. 2009) (collecting cases in support of the "misnomer rule" allowing correction of the wrong name of the right party). As there is acknowledgment of Plaintiff's intent to sue the right party based on filing a motion to dismiss regarding the substance of Plaintiff's claims and not any argument based on improper service, there is no basis for further extending the service period based on use of any incorrect nomenclature for the Wellstar Defendants.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** the motion for further extension of time to effect service, (doc. no. 14), and **DISMISSES WITHOUT PREJUDICE** Defendant Columbia County Sheriff's Office, and all claims against it, based on the failure to timely effect service.

SO ORDERED this 2nd day of September, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA